V. U. Young, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Gary Theatre Corporation (Formerly Young-Wolf Corporation), Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Gary Theatre Corporation, Transferee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 2848, 2849, 2850.   Promulgated March 7, 1946.

*Joseph K. Moyer, Esq.*, for the petitioners.
*Gerald W. Brooks, Esq.*, for the respondent.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION.

Murdock, *Judge*: The parties to these proceedings filed recomputations under Rule 50. They were not in agreement and each was heard in support of his recomputation. The Court made a finding in this case that the value of 1,000 shares of stock of Theatrical Managers, Inc., on November 9, 1937, "was in excess of $100,000." See 5 T. C. 1251. It now appears that a more definite finding of value is necessary in order to make computations required by the statute and the regulations of the Commissioner. The following finding is therefore made: The value of the 1,000 shares of Theatrical Managers, Inc., stock, on November 9, 1937, was $225,000.

This finding will enable the parties to make proper computations under Rule 50, provided they follow the statute and the regulations. Section 115 (a) of the Revenue Act of 1936 provides that the term "dividend" "means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made."[1] The

---

[1] These other provisions of section 115 were not called to the attention of the Court and were not considered by the Court in writing its original opinion. Thus, two remarks

words "earnings or profits accumulated after February 28, 1913," as used in the above definition, are contrasted with and are not intended to include any of the earnings of the taxable year. Section 115 (b) provides that every distribution is made out of earnings or profits to the extent thereof and from the most recently accumulated earnings or profits. It becomes necessary in this case to determine what earnings or profits Gary Theatre Co. had for the calendar year 1937 and what earnings it had on December 31, 1936, which had been accumulated since February 28, 1913.

The parties have stipulated facts from which it would appear that the earnings and profits of Gary Theatre Co. for the calendar year 1937, computed as of the close of the year without diminution for any distributions, but after adjustment for taxes, amounted to $31,911.25. They have also stipulated that a dividend of $24,000 was paid by the corporation to shareholders on December 28, 1937.

The parties have also stipulated what its book surplus was on December 31, 1936, and they have stipulated certain adjustments which should be made to that surplus. The surplus, after making the stipulated adjustments, amounted to $45,233.73, and we shall assume that all of that amount was earnings or profits accumulated since February 28, 1913, although this corporation was incorporated in 1911. The record does not show what part, if any, of its surplus was accumulated prior to March 1, 1913.

It now appears that the corporation made a distribution of $209,172 on November 9, 1937 ($225,000, the value of the Theatrical Managers stock on that date, minus $15,828, the cost of that stock to the distributor) and a distribution of $24,000 on December 28, or total distributions during the year of $233,172, whereas the entire earnings of the year, computed in accordance with the statute, from which a taxable dividend could be distributed, amounted to only $31,911.25.

It is important to determine what amount of the 1937 earnings was distributed as a part of the November 9, 1937, distribution, because that was the only distribution made during the fiscal year of the Young-Wolf Corporation, which ended on November 30, 1937. Regulations 94, article 115-2, expressly covers such a situation. That regulation follows the provisions of the statute. When the words "earnings or profits accumulated since February 28, 1913" are used therein, they have the same meaning as in the statute itself, i. e., they do not include any of the earnings of the taxable year. The article provides that "If the distributions made during the taxable year exceed the earnings or profits of such year, then that proportion of each distribution which the total earnings or profits of the year bears to the total distributions made during the year, shall be regarded as out of the earnings or profits

of the Court in regard to earnings available at the time of the distribution were inappropriate and must be disregarded.

of that year." The article further provides that "The portion of each such distribution which is not regarded as out of earnings or profits of the taxable year shall be considered a taxable dividend to the extent of the earnings or profits accumulated since February 28, 1913, and available on the date of the distribution." The portion of the distribution of November 9, 1937, which was made out of earnings or profits of the year 1937 was thus $\frac{\$31,911.25}{\$233,172.00}$ x $209,172, or $28,626.68. The distribution on November 9, 1937, also was a taxable dividend to the extent of the earnings or profits accumulated since February 28, 1913, on hand at the beginning of the year, or $45,233.73. Thus, that distribution represented a taxable dividend to the extent of the total of these two amounts, or $73,860.41. No further computations are required or authorized under the statute or under the article of the regulation in a situation like that here present. The problem here, except for the amounts involved, is exactly like the example given in the article at page 261.

The parties are directed to file recomputations in accordance with the findings of fact and opinion as supplemented herein.

*Decision will be entered under Rule 50.*